UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY BEITO,

        Petitioner,         Case No. 1:12-cv-1160

v.         Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

    I.        Factual allegations

Petitioner Jeremy Alan Beito presently is incarcerated at the Michigan Reformatory. He pleaded guilty to one count of delivery of less than 50 grams of heroin, MICH. COMP. LAWS § 333.401(2)(a)(iv). On January 18, 2011, the Emmet County Circuit Court sentenced him, as a fourth-felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 12 to 25 years.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising two issues: (1) he was sentenced in violation of the Due Process Clause when he was scored 100 points on Offense Variable 3; and (2) counsel was ineffective in failing to object to the sentence scoring. In an order issued September 23, 2011, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court within the 56 days allowed under the Michigan Court Rules. *See* MICH. CT. R. 7.302(C)(3). More than a year after the court of appeals' decision, on October 22, 2012, Petitioner submitted an untimely application for leave to appeal to the supreme court, raising the two issues presented to the court of appeals, together with a third claim that appellate counsel had been ineffective in failing to advise him about his right to seek leave to appeal to the supreme court or to file a motion for relief from judgment. The supreme court rejected his late application on October 24, 2011.

On October 22, 2012, Petitioner filed the instant habeas proceeding, raising all three grounds he simultaneously attempted to raise to the Michigan Supreme Court.

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he did not timely seek leave to appeal to the Michigan Supreme Court, and the state-court records indicate that Petitioner's application was rejected. Petitioner therefore did not exhaust any of his claims on direct review.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under

Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals affirmed Petitioner's conviction on September 23, 2011. Thereafter, Petitioner had 56 days in which to file a delayed application for leave to appeal in the Michigan Supreme Court, but failed to do so in a timely manner.[1] Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the

---

[1] Petitioner's delayed application for leave to appeal submitted on October 22, 2012 was rejected by the Supreme Court as untimely on October 24, 2012. A state-court submission is not "properly filed" and can have no effect on the statute of limitations when the state court dismisses it as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005)

same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (6th Cir. 1999); *O'Valle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on Friday, November 18, 2011. Accordingly, Petitioner had one year, or until Monday, November 19, 2012, in which to file his habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[3] The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to

---

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

[3] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *See Palmer* 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances, because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Petitioner seeks a stay of the proceedings, though he fails to acknowledge the *Rhines* standard. Instead, he argues only that he was unaware of the remedies available to him in the state courts because his appellate attorney was ineffective in failing to advise him about those remedies. However, the mere fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations or other law is not a basis for equitable tolling. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004). Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings by demonstrating the following: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet

the *Rhines* requirements for a stay or fails to timely comply with the Court's order, Petitioner's habeas petition will be dismissed for lack of exhaustion.

An Order consistent with this Opinion will be entered.

Dated: December 5, 2012                    /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE